## IN THE UNITED STATES DISTRICT COURT
## FOR THE NORTHERN DISTRICT OF ILLINOIS
## EASTERN DIVISION

| | | |
|---|---|---|
| CLAUDIA HERNANDEZ, | ) | |
| | ) | |
| Plaintiff, | ) | |
| v. | ) | |
| | ) | Case No. 11 C 4631 |
| | ) | |
| GARDEN FRESH MUNDELEIN LLC, and | ) | Judge |
| FRESH & GO, INC. d/b/a GARDEN FRESH | ) | |
| MARKET, | ) | **TRIAL BY JURY DEMANDED** |
| | ) | |
| Defendants. | ) | |

## COMPLAINT

Plaintiff Claudia Hernandez, through her attorneys, for her Complaint against Defendants

Garden Fresh Mundelein, LLC and Fresh & Go, Inc. d/b/a Garden Fresh Market (collectively

"Defendants"), states as follows:

### NATURE OF PLAINTIFF'S CLAIMS

1. This lawsuit arises under Title VII of the Civil Rights Act of 1964 ("Title VII"),

42 U.S.C. §2000e-5 *et seq.*, and the Illinois Human Rights Act ("IHRA") for Defendants'

unlawful sexual harassment of Ms. Hernandez.

2. Plaintiff also claims Defendants are liable to Plaintiff for unpaid overtime wages

under the Fair Labor Standards Act, 29 U.S.C. §201 *et seq.*, and the Illinois Minimum Wage

Law, 820 ILCS 105/1 *et seq.*

### THE PARTIES

3. Plaintiff Claudia Hernandez resides in and is domiciled within this judicial

district.

1

4.     Plaintiff Hernandez worked at Garden Fresh Market's Mundelein store between approximately October 2008 and October 2009.

5.     Defendant Garden Fresh Mundelein LLC is an Illinois Corporation licensed to do business in Illinois and is doing business in Mundelein, Illinois under the name Garden Fresh Market.

6.     Defendant Fresh & Go, Inc. d/b/a Garden Fresh Market is an Illinois Corporation licensed to do business in Illinois. Defendant Fresh & Go, Inc. d/b/a Garden Fresh Market exerts control over the operations of Garden Fresh Mundelein LLC and 7 other business entities operating grocery stores in the greater Chicagoland area under the name Garden Fresh Market. Among other things, Fresh & Go, Inc. completed payroll for employees of all Garden Fresh Market employees. In addition, Fresh & Go, Inc. employees oversaw the operations of all Garden Fresh Market grocery stores.

7.     Defendant Fresh & Go, Inc. d/b/a Garden Fresh Market's corporate headquarters is located in Wheeling, IL at 7150 Capital Drive.

8.     Plaintiff Claudia Hernandez was Defendant Garden Fresh Mundelein LLC's "employee" within the meaning of § 701(f) of Title VII, 42 U.S.C. §2000e(f), Section 2-101(A) of the IHRA, Section 3(e)(1) of the FLSA, and Section 3(d) of the IMWL.

9.     Plaintiff Claudia Hernandez was Defendant Fresh & Go, Inc. d/b/a Garden Fresh Market's "employee" within the meaning of § 701(f) of Title VII, 42 U.S.C. §2000e(f), Section 2-101(A) of the IHRA, Section 3(e)(1) of the FLSA, and Section 3(d) of the IMWL.

10.     Defendant Garden Fresh Mundelein LLC's was Plaintiff's "employer" within the meaning of § 701(b) of Title VII, 42 U.S.C. §2000e(b), Section 2-101(B) of the IHRA, Section 3(d) of the FLSA, and within the meaning of Section 3(c) of the IMWL.

2

11.     Defendant Fresh & Go, Inc. d/b/a Garden Fresh Market was Plaintiff's "employer" within the meaning of § 701(b) of Title VII, 42 U.S.C. §2000e(b), Section 2-101(B) of the IHRA, Section 3(d) of the FLSA, and within the meaning of Section 3(c) of the IMWL.

12.     Defendant Garden Fresh Mundelein LLC is an "enterprise" as defined by Section 3(r)(1) of the FSLA, 29 U.S.C. § 203(r)(1), and is an enterprise engaged in commerce or in the production of goods for commerce within the meaning of Section 3(s)(1)(A), 29 U.S.C. § 203(s)(1)(A).

13.     Defendant Fresh & Go, Inc. d/b/a Garden Fresh Market is an "enterprise" as defined by Section 3(r)(1) of the FSLA, 29 U.S.C. § 203(r)(1), and is an enterprise engaged in commerce or in the production of goods for commerce within the meaning of Section 3(s)(1)(A), 29 U.S.C. § 203(s)(1)(A).

14.     In the years 2008 and 2009, each Defendant continuously had at least fifteen (15) employees.

## EXHAUSTION OF ADMINISTRATIVE REMEDIES

15.     Plaintiff has exhausted all administrative remedies required by Title VII, 42 U.S.C. § 2000e-5, and the IHRA prior to filing this lawsuit.

16.     On or about November 12, 2009, Plaintiff filed Charges of Discrimination against Defendants with the Equal Employment Opportunity Commission's ("EEOC") Chicago District Office, Charge No. 440-2010-00714, charging Defendants with unlawful sex discrimination in connection with her termination from employment. This charge was cross filed with the Illinois Department of Human Rights ("IDHR"). A copy of the charge Plaintiff filed is attached hereto as Exhibit A.

17.　On or about April 11, 2011, after the IDHR conducted an investigation, the Administrator of the Case Disposition Unit of the IDHR issued a letter to Ms. Hernandez stating that the time limitation for the IDHR to complete its investigation expired on April 12, 2011. That letter further explained Ms. Hernandez had the right to commence a civil action within 90 days of the expiration date. A copy of the IDHR's April 11, 2011 letter is attached hereto as Exhibit B.

18.　By notice dated May 16, 2011, the EEOC issued Plaintiff a Notice of Right to Sue. A Copy of the Right to Sue Notice is attached hereto as Exhibit C.

19.　This lawsuit has been timely filed within 90 days of the expiration of the IDHR's investigation of Plaintiff's claims and within 90 days of Plaintiff's receipt of the EEOC's Right to Sue Notice.

**JURISDICTION AND VENUE**

20.　This Court has jurisdiction over Plaintiff's Title VII and FLSA claims pursuant to 28 U.S.C. §1331. Venue is proper in this judicial district as the facts and events giving rise to Plaintiff's claims occurred in this judicial district. This Court has supplemental jurisdiction over Plaintiff's state law claims pursuant to 28 U.S.C. §1367.

**FACTUAL BACKGROUND**

21.　The following stores operate under the name "Garden Fresh Market:"

    a.　Garden Fresh Market
       5701 West Belmont Ave.
       Chicago, IL

    b.　Garden Fresh Market
       1786 Hintz Rd.
       Wheeling, IL

    c.　Garden Fresh Market
       400 Townline Rd.

Mundelein, IL

d.     Garden Fresh Market
275 Skokie Blvd.
Northbrook, IL

e.     Garden Fresh Market
1145 Mt. Prospect Plaza
Mt. Prospect, IL

f.     Garden Fresh Market
600 East Rand Rd.
Arlington Heights, IL

g.     Garden Fresh Market
965 East Rollins Rd.
Round Lake Beach, IL

h.     Garden Fresh Market
955 W 75th Street
Naperville, IL

22.     The stores identified in paragraph 21 operate in a uniform manner. For example,

a.     Employees worked at more than one Garden Fresh store;

b.     Employee payroll is prepared at a common location by the same employees;

c.     The stores use the same vendors and suppliers;

d.     The stores have the same business purpose;

e.     Defendant stores are commonly owned;

23.     Plaintiff worked for Garden Fresh's Mundelein store in the bakery department.

24.     Ron Trost was store manager of the Mundelein Garden Fresh store during Ms. Hernandez's employment.

25.     Ms. Hernandez reported to Ron Trost.

26.     Beginning in or around March 2009, Ron Trost began to make unwelcome comments of a sexual nature to Ms. Hernandez. For example, Mr. Trost asked Ms. Hernandez the color of her lingerie and asked her if she got naked and crazy when she drank.

27.     Mr. Trost also repeatedly asked Ms. Hernandez to go out with him and whistled at her when he came into the bakery department.

28.     Mr. Trost frequently paged Ms. Hernandez over the store loudspeaker and required Ms. Hernandez to call him in his office. When Ms. Hernandez called him, he would ask her if she was ready for a session of hugs and kisses.

29.     On approximately three occasions during the last month of her employment, after Mr. Trost paged Ms. Hernandez and she called him back, Mr. Trost asked Ms. Hernandez if she was ready for a session of hugs, kisses, and sex.

30.     On approximately ten occasions when Ms. Hernandez was working in the bakery department, she witnessed Mr. Trost rub and grab his genital area over his pants while he watched her work.

31.     Mr. Trost's behavior made Ms. Hernandez nervous, uncomfortable, and upset.

32.     Ms. Hernandez was never informed that Garden Fresh Market had a policy against sexual harassment.

33.     Ms. Hernandez never welcomed Mr. Trost's sexual advances.

34.     The last time Mr. Trost asked Ms. Hernandez if she was ready to hug, kiss, and have sex with him was in person on or around Tuesday, September 29, 2009. Ms. Hernandez did not agree to have intimate contact with Mr. Trost. Mr. Trost told Ms. Hernandez this may be her last chance.

35.     On October 5, 2009, Mr. Trost terminated Ms. Hernandez's employment.

36. Ms. Hernandez was terminated because she did not submit to Mr. Trost's sexual advances.

## COUNT I
### Violation of Title VII- Sexual Harassment

37. Plaintiff restates and realleges paragraphs 1 through 36 as though fully set forth herein.

38. This count arises from Defendants' violation of Title VII, 42 U.S.C. §2000e *et seq.*, for its unlawful discrimination of Plaintiff on the basis of sex.

39. Ron Trost, a managerial employee of Defendants, subjected Plaintiff to unwelcome harassment on account of her sex, female, on repeated occasions throughout the course of her employment.

40. The sexual harassment Ron Trost subjected Plaintiff to was sufficiently severe and pervasive to alter the terms and conditions of her employment and create a hostile or abusive atmosphere.

41. Ron Trost threatened to terminate Ms. Hernandez if she did not submit to his sexual advances, and he did in fact terminate Ms. Hernandez after she did not submit to his sexual advances.

42. Plaintiff was subjectively offended by the sexual harassment Ron Trost subjected her to in the work place.

43. Plaintiff's subjective offense was objectively reasonable because a reasonable person would find the work environment to be hostile and/or abusive given that the conduct occurred on numerous occasions and was particularly egregious, severe, and humiliating.

44. Plaintiff was terminated because she did not submit to Mr. Trost's sexual advances.

7

45.     Plaintiff's objection and opposition to the sexual harassment she experienced was a motivating factor in Defendants' decision to terminate her employment.

WHEREFORE, Plaintiff prays for a judgment against Defendants as follows:

A.      A declaration, decree, and adjudgment that Defendants violated Title VII;

B.      A preliminary and permanent injunction against Defendants and its officers, agents, and managers from violating Title VII;

C.      Compensatory damages for her non-economic injuries;

D.      Punitive damages in an amount sufficient to punish Defendants for its past discrimination and to deter them from continuing with their discriminatory practices;

E.      An award of reasonable attorneys' fees and costs;

F.      Such other and further relief as this Court deems appropriate and just.

## COUNT II
### Violation of the Illinois Human Rights Act- Sexual Harassment

46.     Plaintiff restates and realleges paragraphs 1 through 45 as though fully set forth herein.

47.     This count arises from Defendants' violation of the IHRA, Section 2-102(D), for their unlawful sexual harassment of Plaintiff Hernandez.

48.     Ron Trost, a managerial employee of Defendants, subjected Plaintiff to unwelcome sexual advances and unwelcome conduct of a sexual nature.

49.     The sexual harassment Ron Trost subjected Plaintiff to created an intimidating, hostile and offensive working environment.

50. Ron Trost threatened to terminate Ms. Hernandez if she did not submit to his sexual advances, and did in fact terminate Ms. Hernandez after she did not submit to his sexual advances.

51. Plaintiff was subjectively offended by the sexual harassment Ron Trost subjected her to in the work place.

52. Plaintiff's subjective offense was objectively reasonable because a reasonable person would find the work environment to be intimidating, hostile and offensive given that the conduct occurred on numerous occasions and was particularly explicit, egregious and humiliating.

53. Plaintiff suffered tangible employment action, including the termination of her employment, because she did not submit to the sexual harassment she was subjected to by Mr. Trost.

WHEREFORE, Plaintiff prays for a judgment against Defendants as follows:

A. Actual damages to compensate Plaintiff for emotional harm and mental suffering;

B. Punitive damages in an amount sufficient to punish Defendants for their past discrimination and to deter them from continuing with their discriminatory practices;

C. An award of reasonable attorneys' fees and costs;

D. Prejudgment interest;

E. Such other and further relief as this Court deems appropriate and just.

## COUNT III
### Violation of the Fair Labor Standards Act- Overtime Wages

54. Plaintiff restates and realleges paragraphs 1 through 53 as though fully set forth herein.

55.     This count arises from Defendants' violation of the Fair Labor Standards Act, 29 U.S.C. § 201 *et seq.*, for Defendants' failure to pay overtime wages to Plaintiff Hernandez for all time she worked in excess of forty (40) hours per week.

56.     Plaintiff Hernandez was regularly directed by Defendants to work, and did so work, in excess of forty (40) hours per week.

57.     Pursuant to 29 U.S.C. § 207, for all weeks during which Plaintiff Hernandez worked in excess of forty (40) hours, she was entitled to be compensated at a rate of one and one-half times her regular rate of pay.

58.     Defendants did not compensate Plaintiff Hernandez at a rate of one and one-half times her regular rate of pay for all time worked in excess of forty (40) hours in individual work weeks.  Rather, Plaintiff Hernandez was paid a salary for all time worked, including time worked in excess of forty (40) hours per week.

59.     Defendants' failure and refusal to pay overtime wages for time worked in excess of forty (40) hours per week was a violation of the Fair Labor Standards Act, 29 U.S.C. § 207.

60.     Defendants' failure and refusal to pay overtime wages for time worked in excess of forty (40) hours per week was a willful violation of the Fair Labor Standards Act, 29 U.S.C. § 207.

61.     Defendants willfully violated the Fair Labor Standards Act by refusing to pay Plaintiff Hernandez overtime wages for time she worked in excess of forty (40) hours per week.

WHEREFORE, Plaintiff prays for a judgment against Defendants as follows:

A.    A judgment in the amount of one and one-half times Plaintiffs' regular rate of pay for all time which Plaintiffs worked in excess of forty (40) hours per week;

B.    Liquidated damages in an amount equal to the amount of unpaid overtime compensation found due;

C.    Reasonable attorneys' fees and costs incurred in filing this action; and

D.    Such other and further relief as this Court deems appropriate and just.

## COUNT IV
### Violation of the Illinois Minimum Wage Law- Overtime Wages

62.    Plaintiff restates and realleges paragraphs 1 through 61 as though fully set forth herein.

63.    The matters set forth in this Count arise from Defendants' violation of the overtime compensation provisions of the Illinois Minimum Wage Law.  820 ILCS 105/4a. Plaintiff brings this action pursuant to 820 ILCS 105/12(a).

64.    Pursuant to 820 ILCS 105/4a, for all weeks during which Plaintiff worked in excess of forty (40) hours, Plaintiff was entitled to be compensated at one and one-half times her regular rate of pay for time they worked in excess of forty (40) hours per week.

65.    Defendants violated the Illinois Minimum Wage Law by refusing to compensate Plaintiff at one and one-half times her regular rate of pay for time worked in excess of forty (40) hours per week.

11

66.    Pursuant to 820 ILCS 105/12(a), Plaintiff is entitled to recover unpaid overtime wages for three years prior to the filing of this suit, plus punitive damages in the amount of two percent (2%) per month of the amount of under payments.

WHEREFORE, Plaintiff prays for a judgment against Defendants as follows:

A.    A judgment in the amount of one and one-half times Plaintiff's regular rate for all time which Plaintiff worked in excess of forty (40) hours per week;

B.    Punitive damages pursuant to the formula set forth in 820 ILCS 105/12(a);

C.    Reasonable attorneys' fees and costs incurred in filing this action; and

D.    Such other and further relief as this Court deems appropriate and just.

Respectfully Submitted,

Dated: July 8, 2011

s/Douglas M. Werman
One of the Attorneys for Plaintiff

Douglas M. Werman
Maureen A. Bantz
David E. Stevens
Werman Law Office, P.C.
77 West Washington Street, Suite 1402
Chicago, IL  60602
(312) 419-1008

# EXHIBIT A

# CHARGE OF DISCRIMINATION

This form is affected by the Privacy Act of 1974; See Privacy Act Statement before completing this form.

| AGENCY | CHARGE NUMBER |
|---|---|
| ☐ FEPA | |
| ☒ EEOC | 440-2010-00724 |

Illinois Department of Human Rights
*State or local Agency, if any*
and EEOC

| NAME *(Indicate Mr., Ms., Mrs.)* | HOME TELEPHONE *(Include Area Code)* |
|---|---|
| Ms. Claudia Hernandez a/k/a Candida Dominguez | |

| STREET ADDRESS | CITY, STATE AND ZIP CODE | DATE OF BIRTH |
|---|---|---|
| | IL | |

NAMED IS THE EMPLOYER, LABOR ORGANIZATION, EMPLOYMENT AGENCY, APPRENTICESHIP COMMITTEE, STATE OR LOCAL GOVERNMENT AGENCY WHO DISCRIMINATED AGAINST ME *(If more than one list below.)*

| NAME | NUMBER OF EMPLOYEES, MEMBERS | TELEPHONE *(Include Area Code)* |
|---|---|---|
| Garden Fresh Market | 200+ | (847) 520-1200 |

| STREET ADDRESS | CITY, STATE AND ZIP CODE | COUNTY |
|---|---|---|
| (Corporate Office) 7150 Capital Drive | Wheeling, IL 60090 | Cook |

| NAME | TELEPHONE NUMBER *(Include Area Code)* |
|---|---|
| N/A | N/A |

| STREET ADDRESS | CITY, STATE AND ZIP CODE | COUNTY |
|---|---|---|
| (Mundelein Store) 400 Townline Road | Mundelein, IL 60060 | Lake |

CAUSE OF DISCRIMINATION BASED ON *(Check appropriate box(es))*

☐ RACE  ☐ COLOR  ☒ SEX  ☐ RELIGION  ☐ NATIONAL ORIGIN
☒ RETALIATION  ☐ AGE  ☐ DISABILITY  ☐ OTHER (Specify)

DATE DISCRIMINATION TOOK PLACE
EARLIEST approx. March 2009    LATEST October 5, 2009

☐ CONTINUING ACTION

THE PARTICULARS ARE *(If additional paper is needed, attach extra sheet(s))*:

SEE ATTACHMENT

RECEIVED EEOC

NOV 1 2 2009

CHICAGO DISTRICT OFFICE

I want this charge filed with both the EEOC and the State or local Agency, if any. I will advise the agencies if I change my address or telephone number and I will cooperate fully with them in the processing of my charge in accordance with their procedures.

I declare under penalty of perjury that the foregoing is true and correct.

Date 11-12-09    Charging Party (Signature)

NOTARY - (When necessary for State and Local Requirements)

I swear or affirm that I have read the above charge and that it is true to the best of my knowledge, information and belief.

SIGNATURE OF COMPLAINANT

SUBSCRIBED AND SWORN TO BEFORE ME THIS DATE
(Day, month, and year)
12 day of Nov, 2009

"OFFICIAL SEAL"
Jacqueline H Villanueva
Notary Public, State of Illinois
Commission Expires 11/06/11

EEOC FORM 5 (REV. 3/01)



Claudia Hernandez
Charge of Discrimination
Page 2

## ATTACHMENT

I.      I am a former employee of Garden Fresh Market. I worked at Garden Fresh Market's Mundelein store, and I worked in the bakery department of that store. I was sexually harassed by the store manager of the Garden Fresh Market Mundelein store, Ron Trost.

II.      During the course of my employment, other employees knew me by the name of Candida "Candy" Dominguez.

III.      Beginning in or around March 2009, Ron Trost began to make unwelcome comments of a sexual nature to me. For example, Ron Trost asked me the color of my lingerie and asked me if I got naked and crazy when I drank. Ron Trost also repeatedly asked me to go out with him and whistled at me when he came into the bakery.

IV.      Ron Trost also regularly paged me at 4:00 p.m. over the store loudspeaker and required me to call him in his office. When I called him, he would ask me if I was ready for our session of hugs and kisses.

V.      On approximately three occasions during the last month of my employment, when Ron Trost paged me at work and asked me to call him, he asked me if I was ready for our session of hugs, kisses, and sex.

VI.      On approximately ten occasions when I was working in the bakery department, I witnessed Ron Trost rub and grab his genital area over his pants while he watched me work.

VII.      Ron Trost's behavior toward me made me nervous, uncomfortable, and upset.

VIII.      I was never informed that Garden Fresh Market had a policy against sexual harassment. To my knowledge, no policy exists.

IX.      I never welcomed Ron Trost's sexual advances. I never submitted to Ron Trost's requests for intimate contact with me.

X.      The last time Ron asked me if I was ready to hug, kiss, and have sex with him was in person on or around Tuesday, September 29, 2009. I did not agree to have intimate contact with him. Ron told me this may be my last chance.

XI.      I understand the following day, on Wednesday, September 30, 2009, Ron Trost asked my co-worker, Gerardo Garcia, if he was ready to replace me as bakery manager.

XII.      On October 5, 2009, Ron Trost terminated my employment. I believe Ron Trost terminated me because I did not submit to his sexual advances.

XIII.      I was discriminated against because of my sex with respect to the terms and conditions of my employment.

# EXHIBIT B

ILLINOIS DEPARTMENT OF
# Human Rights

Pat Quinn, Governor
Rocco J. Claps, Director

April 11, 2011

Ms. Claudia Hernandez
c/o Ms. Maureen A. Bantz, Esq.
Werman Law Office, PC
Attorneys at Law
77 West Washington Street, Suite 1402
Chicago, IL 60602

Re: Charge No.: 2010CN2569
Respondent: Garden Fresh Market

Dear Ms. Hernandez:

We regret to inform you that the time limitation for the Department of Human Rights (IDHR) to complete its investigation of your charge has expired. The expiration date was **April 12, 2011**.

As per the Illinois Human Rights Act, Section 7A-102(G) (Time Limit), you have the right to file a complaint directly with the Human Rights Commission or commence a civil action in the appropriate state circuit court if the IDHR has not completed the investigation of your case (either by issuing a notice of substantial evidence or a notice of dismissal) within 365 days from the date you filed your perfected signed and notarized charge, or within any extension of that time to which you and the Respondent have agreed in writing. IDHR has calculated the 365th day to be **April 11, 2011, including the 150-day extension signed by both parties**.

If you wish to pursue your complaint, *you must either* **file a complaint with the Human Rights Commission OR commence a civil action in the appropriate state circuit court** within the 90-day window period after the expiration date. We have calculated the window period for filing your complaint or civil action to be from **April 12, 2011 through July 10, 2011**. If you file a complaint outside this 90-day window period, your complaint may be dismissed. **If you decide to file a civil action in Circuit court, please notify the U.S. EEOC.**

Once the 455th day has passed, IDHR must dismiss your charge with prejudice without any further right to proceed if you have not filed a complaint with the Human Rights Commission (HRC) or commenced a civil action in the appropriate state circuit court. Therefore, pursuant to Section 7A-102(G)(3), you are hereby notified that your case is dismissed with prejudice should you fail to file a complaint. If you do not file a complaint, and there is an "A" or "F" in your charge number, your case will automatically be forwarded to EEOC (Equal Employment Opportunity Commission) for investigation.

If you file a complaint with the HRC or the circuit court, the form of the complaint must [
accordance with Section 7A-102(F) (Complaint) of the Human Rights Act. If you file a
complaint with HRC, you must serve a copy of the complaint on the IDHR on the same d
you file the complaint with the HRC. The HRC will then schedule a hearing for your casi
an Administrative Law Judge. If you have any questions about filing an HRC complaint,
should contact the HRC at (312) 814-6268 or 814-6269.

**The Department of Human Rights cannot provide any legal advice or assistance.** The
you may wish to contact an attorney to decide the best way for you to handle your case.

Sincerely,

Cecil Robbins
Administrator, Case Disposition Unit
Charge Processing Division


cc:     Garden Fresh Market
        Ms. Christine Geraghty
        7150 Capitol Drive
        Wheeling, IL 60090


CXR / wts


HB1509.HB0059. 07/09

# EXHIBIT C

EEOC Form 161 (11/09)

## U.S. EQUAL EMPLOYMENT OPPORTUNITY COMMISSION

## DISMISSAL AND NOTICE OF RIGHTS

To: Claudia Henandez

From: Chicago District Office
500 West Madison St
Suite 2000
Chicago, IL 60661

CERTIFIED MAIL 7011 0110 0001 8769 7995

| | On behalf of person(s) aggrieved whose identity is CONFIDENTIAL (29 CFR §1601.7(a)) |
|---|---|

| EEOC Charge No. | EEOC Representative | Telephone No. |
|---|---|---|
| 440-2010-00724 | Alison Fisher, Investigator | (312) 869-8147 |

### THE EEOC IS CLOSING ITS FILE ON THIS CHARGE FOR THE FOLLOWING REASON:

- [ ] The facts alleged in the charge fail to state a claim under any of the statutes enforced by the EEOC.

- [ ] Your allegations did not involve a disability as defined by the Americans With Disabilities Act.

- [ ] The Respondent employs less than the required number of employees or is not otherwise covered by the statutes.

- [ ] Your charge was not timely filed with EEOC; in other words, you waited too long after the date(s) of the alleged discrimination to file your charge

- [X] The EEOC issues the following determination: Based upon its investigation, the EEOC is unable to conclude that the information obtained establishes violations of the statutes. This does not certify that the respondent is in compliance with the statutes. No finding is made as to any other issues that might be construed as having been raised by this charge.

- [ ] The EEOC has adopted the findings of the state or local fair employment practices agency that investigated this charge.

- [ ] Other (briefly state)

## - NOTICE OF SUIT RIGHTS -

(See the additional information attached to this form.)

**Title VII, the Americans with Disabilities Act, the Genetic Information Nondiscrimination Act, or the Age Discrimination in Employment Act:** This will be the only notice of dismissal and of your right to sue that we will send you. You may file a lawsuit against the respondent(s) under federal law based on this charge in federal or state court. Your lawsuit **must be filed WITHIN 90 DAYS** of your receipt of this notice; or your right to sue based on this charge will be lost. (The time limit for filing suit based on a claim under state law may be different.)

**Equal Pay Act (EPA):** EPA suits must be filed in federal or state court within 2 years (3 years for willful violations) of the alleged EPA underpayment. This means that **backpay due for any violations that occurred more than 2 years (3 years)** before you file suit may not be collectible.

On behalf of the Commission

John P. Rowe,
District Director

5/16/11
(Date Mailed)

Enclosures(s)

cc: **GARDEN FRESH MARKET**